UNITED STATES of America,

v.

Thomas Warren HALL, Octavio Cano, Efren Andrade, a/k/a Jose Rivera, Jaime Gomex, John Martin, Lacy May, Juan Aldana, Irene Ditto, Nova May, and Billy Rutledge, Defendants.

No. 85–CR–87.

United States District Court, N.D. New York.

Oct. 18, 1985.

Frederick J. Scullin, Jr., U.S. Atty., Albany, N.Y., for the U.S.; John P. Miller, Asst. U.S. Atty., of counsel.

David S. Zapp, New York City, for defendants.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Presently before the court is defendant Octavio Cano's application for bail. For the reasons discussed below, the court grants defendant's application upon the terms and conditions hereinafter set forth.

## BACKGROUND

Defendant Octavio Cano was arrested on April 11, 1985, in Montgomery County, New York near the site of an apparent "cocaine factory". On June 21, 1985, the Federal Grand Jury returned an indictment charging Cano with one count of conspiring to manufacture, possess, and distribute cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1); one count of manufacturing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; one count of possessing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18

**14**

U.S.C. § 2; and one count of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The indictment also charges defendant with knowingly making false statements concerning his citizenship in violation of 18 U.S.C. § 1001. A superceding indictment naming additional defendants was filed on September 13, 1985.

The government moved, under the Bail Reform Act, 18 U.S.C. § 3142(f), to detain defendant pending trial on the grounds that defendant posed a danger to the community and a risk of flight. Following a hearing, Magistrate Smith denied defendant bail and ordered defendant detained until trial. The Magistrate found that probable cause existed to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and that although defendant Cano did not pose a danger to the community, he had not rebutted the presumption of flight established in 18 U.S.C. § 3142(e). In support of his decision, Magistrate Smith noted the strong evidence of defendant's guilt, including the fact that defendant was apprehended while hitchhiking on a country road less than a mile from the fire of the apparent "drug factory", he was scratched and disheveled "as would be consistent with rapid movement through the wooded area surrounding the fire scene", a photo of one of his companions was found at the "drug factory", and his clothes contained traces of cocaine. In addition, the Magistrate found that defendant showed "a willingness to deceive officials to gain his own ends", is a citizen of Columbia, and did not have substantial community ties in the United States.

Defendant subsequently moved for reconsideration of the Magistrate's April 23, 1985 order. Magistrate Smith reaffirmed his decision by order dated May 10, 1985. Defendant now asks the court to revoke the Magistrate's detention orders and to set bail.

## DISCUSSION

Section 3145(b) of the Bail Reform Act provides for review of a magistrate's detention order:

*Review of a detention order.* If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The Act does not specify the court's standard of review. Recent case law, however, supports the view that the court may, in its discretion, hold a new evidentiary hearing although it is not required to do so. *United States v. Colombo*, 616 F.Supp. 780, 783–84 (E.D.N.Y. 1985) (the court may rely on record before the magistrate or take additional evidence). *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir.1985). The court may not simply defer to the magistrate. The Second Circuit has stated that "a district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." *Id.* In the present matter, the court has reviewed the evidence before the Magistrate, heard oral argument of counsel, and received additional evidence and briefing from the parties.

Section 3142(e) of the Bail Reform Act provides:

If, after a hearing pursuant to the provisions of subsection (f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, he shall order the detention of the person prior to trial. . . .

18 U.S.C. 3142(e). Subsection (e) also establishes two rebuttable presumptions: Where probable cause exists to believe that the accused committed "an offense for

which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*", it is presumed that no condition or combination of conditions will reasonably assure the accused's appearance as required or the community's safety. 18 U.S.C. § 3142(e).[1] These presumptions do not change the fundamental presumption that the accused is innocent until proven guilty. 18 U.S.C. § 3142(j). The presumptions merely shift the burden of coming forward, not the burden of persuasion. *United States v. Chimurenga,* 760 F.2d 400, 405 (2d Cir.1985); *United States v. Jessup,* 757 F.2d 378, 381–82 (1st Cir.1985); *Colombo* at 785. Once the defendant has presented some evidence to rebut the above presumptions, the government must show by "clear and convincing evidence" that defendant poses a danger to the community and by a "preponderance of the evidence" that defendant poses a risk of flight. *Chimurenga,* 760 F.2d at 405.

Section 3142(g) of the Bail Reform Act lists the factors which must be considered in determining whether to order detention or release. These factors include (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics including his character, family ties, employment, financial resources, length of residence in the community, and criminal history; and (4) the nature and seriousness of defendant's danger to any person or the community. 18 U.S.C. § 3142(g).

After careful review of the evidence before the Magistrate and the additional evidence which the parties have submitted, the court concurs with the Magistrate's findings that the government has not met its burden of showing by "clear and convincing evidence" that defendant Cano is a danger to the community and that probable cause exists to believe that defendant committed the crimes with which he is charged. There remains the issue of whether defendant poses a risk of flight.

Defendant is a Colombian citizen, presumably with ties to that country. However, he has been a legal, permanent resident of the United States for over six years. Except for the present charges, he has no prior criminal record.[2]

Although the evidence presented at the oral hearing gives ample support to the Magistrate's finding that Cano did not have substantial community ties, defendant has come forth with further evidence of his ties to this country. This evidence includes letters from defendant's neighbors and pastor, birth certificates, various business documents, and excerpts from the Montgomery County Jail guest registration book. The present state of the record reveals that defendant resides with his wife and two children in Corona, New York; although defendant's wife and son were born in Colombia, his daughter is a United States' citizen; defendant and his family have lived at their present address for the past four years; they are members of a local church; and their children attend local schools. Of significance, the Montgomery County Jail guest registration book shows that Mrs. Cano has traveled considerable distance to visit her husband at least forty-four times since his incarceration. The documents

---

1. 18 U.S.C. § 3142(e) provides in part:

   Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act

   of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of title 18 of the United States Code.

2. The record indicates that defendant has been in this country off and on for the past twelve years. In 1972 he and his wife received visas to enter the United States on their honeymoon. INS subsequently learned that they were here illegally, and they left voluntarily. In 1978 defendant and his wife were granted United States' immigration visas after admitting their prior misrepresentation.

**16**

further reveal that defendant is an incorporator and director of 7th Galaxy, Inc., located at 102–12 Roosevelt Avenue, Queens, New York, and that he is doing business as Khalidad Records at 91–11 37th Avenue, Jackson Heights, New York.[3] Defendant has made contributions to both charitable and political organizations in this country.

■ Evaluating the factors listed in 18 U.S.C. § 3142(g), the court finds that defendant is charged with serious crimes involving what is alleged to be the largest "cocaine factory" ever discovered in North America and that the evidence weighs heavily against him. The court, however, notes that the government's evidence suggests that defendant was a "factory worker" and not a ringleader in the alleged drug conspiracy. The court further finds that defendant has no prior criminal record, has substantial community ties in the United States, and does not pose a danger to any person or the community. With the additional evidence which defendant has submitted, defendant has met his burden of production. Moreover, the court finds that the government has not shown by a preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance as required.

The court's decision is also influenced by the potential length of defendant's incarceration. Preventive detention for many months, without a finding of guilt, raises a serious constitutional question and the length of the defendant's detention must be considered in a bail application such as the present one. *Colombo* at 786. Although the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, is designed to ensure that criminal matters are brought to trial expeditiously, in reality, it often takes many months before a complex case can be tried. The present case involves a drug conspiracy with multiple defendants, some of whom are involved in related criminal actions in other courts in the States of New York and South Carolina. As of this date,

pretrial motions are still pending. Defendant Cano has already spent over six months in jail with no adjudication of his guilt. As Judge Weinstein emphasized in *Colombo*, "(D)ue process requirements are those of reasonableness—the restraints imposed on the liberty of an accused must be reasonable when balanced against society's acknowledged interest...." *Colombo* at 20 (quoting Mitchell, Bail Reform and the Constitutionality of Pretrial Detention, 55 Va. L.Rev. 1223, 1234–35 (1969)). Under the circumstances of the present case, society's interest in ensuring that defendant will appear for trial does not outweigh defendant's interest in his liberty.

Accordingly, Magistrate Smith's detention orders of April 23, 1985 and May 10, 1985 are vacated. Defendant Cano's application for bail is granted, and bail is set at $75,000.00. Mr. Cano is ordered released upon the following conditions:

1. He must post bail in the above amount;

2. He must not leave New York State without the court's permission;

3. He must report in person to the Chief Probation Officer for the Northern District of New York, Room 420, U.S. Courthouse, Broadway, Albany, New York immediately upon his release and report in person to the U.S. Probation Office—Pretrial Services Unit, Room 325, U.S. Courthouse, 225 Cadman Plaza East, Brooklyn, New York each Monday and Friday, between 9 a.m. and 12 noon; and

4. He must surrender his passport.

IT IS SO ORDERED.

---

3. Khalidad Records is a record store. According to defendant's attorney, defendant is pur-

chasing the store from 7th Galaxy, Inc. pursuant to a land contract and is the store manager.