UNITED STATES of America, Plaintiff,

v.

Gerald CARLOS, Defendant.

No. 91–10016–01.

United States District Court, D. Kansas.

April 25, 1991.

Lee Thompson, U.S. Atty., Blair Watson, Asst. U.S. Atty., Wichita, Kan., for plaintiff.

Charles D. Anderson, Federal Public Defender, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case comes before the court, pursuant to 18 U.S.C. § 3145(b), upon Gerald Carlos' petition to review the order of detention entered by Magistrate John B. Wooley on March 5, 1991. In that order, Magistrate Wooley concluded that the defendant had not rebutted the presumption that he posed a flight risk and a danger to the safety of the community and ordered the defendant detained without bond. On April 23, 1991, this court conducted a hearing for review of the detention order. The defendant appeared personally and was represented by attorney Steve Gradert. The defendant's mother was the only witness testifying on defendant's behalf. At the close of the hearing the court announced that the defendant had failed to rebut the presumption that he posed a flight risk and a danger to the community. Pursuant to 18 U.S.C. § 3142(i), the court now issues its written findings of fact and a written statement of the reasons of detention.

On February 25, 1991, an information was filed charging Carlos with one count conspiracy to distribute cocaine base a Schedule II controlled substance, in violation of 21 U.S.C. 841(a)(1). An affidavit of Officer Terry Parham of the Sedgwick County Sheriff's Department, is attached to the information. The court takes judicial notice of the affidavit. In short, the affidavit states that Carlos sold undercover agents cocaine base on five separate occasions. Two of the sales transactions each involved the sale of approximately one ounce of cocaine base; the other three occasions involved lesser amounts. The defendant apparently possessed a .25 caliber semi-automatic pistol during the January 18, 1991, sale of one ounce of cocaine. The defendant also possessed a .25 caliber semi-automatic pistol when DEA agents arrested him on February 22, 1991, while the defendant was allegedly attempting to arrange the purchase of one-half ounce of cocaine base.

On March 13, 1991, the grand jury returned an eight count indictment which charged the defendant with one count of conspiracy to distribute cocaine base, five counts of distribution of cocaine base, and two counts of knowingly possessing a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

The court reviews the magistrate's order *de novo*. *See United States v. Tortora,* 922 F.2d 880, 883 n. 4 (1st Cir.1990).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* provides a rebuttable presumption of risk of flight or danger to the community when a defendant has been charged with certain crimes.

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. 801 *et seq.*) ... or an offense under section 924(c) of title 18 of the United States Code.

18 U.S.C. 3142(e). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Quartermaine,* 913 F.2d 910, 916 (11th Cir.1990). Therefore the indictment in this case charging an offense for which a maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act and for offenses under 18 U.S.C. § 924(c) raises the rebuttable presumptions of risk of flight and danger to the community.[1] Probable cause was further demonstrated by the affidavit of Officer Parham.

In *Quartermaine,* the court of appeals summarized the proper analysis of the rebuttable presumption of 18 U.S.C. § 3142(e).

Once the statutory presumptions are raised, the defendant carries the burden of production to come forward with evidence to rebut the presumptions. The defendant's obligation to come forward with evidence does not shift to the defendant the government's burden of persuasion. *United States v. King,* 849 F.2d [485] at 488 [ (11th Cir.1988) ]. Therefore, Quartermaine had the burden to produce evidence "to suggest that he ... [was] either not dangerous or not likely to flee if turned loose on bail." [*U.S. v.*] *Hurtado,* 779 F.2d [1467] at 1479 [ (11th Cir.1985) ]. Even if this evidence is sufficient to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relative to factors listed in section 3142(g)." *United States v. King,* 849 F.2d at 488 (quoting *United States v. Portes,* 786 F.2d 758, 764 (7th Cir.1985) (citation omitted)).

*See United States v. Miller,* 625 F.Supp. 513, 519 (D.Kan.1985) ("The burden of production imposed on a defendant is 'to offer some credible evidence contrary to the statutory presumption.' " (citation omitted)).

The Government bears the burden of proof. The government must prove risk of flight by a preponderance of the evidence. *Quartermaine,* 913 F.2d at 917; *United States v. King,* 849 F.2d 485, 489 (11th Cir.1988); *United States v. Orta,* 760 F.2d 887, 891 (8th Cir.1985). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *King,* 849 F.2d at 485 n. 3; 18 U.S.C. § 3142(f).

The evidence presented at the hearing did not rebut the presumption of flight and danger to the community. As mentioned above, the defendant's mother was the only witness who testified on behalf of the defendant. The defendant is a 27 year

1. The court notes that at the review of detention hearing, counsel for the defendant and the Government commented that the mandatory minimum sentence was ten years for the distribution of drug charges, coupled with two consecutive sentences of five years each for the two violations of 18 U.S.C. 924(c), making the minimum sentence the defendant potentially faces twenty years. To clarify, under 18 U.S.C. § 3142(e) the judicial officer must find that there is probable cause to believe that the defendant committed "an offense for which a *maximum* term of imprisonment of ten years or more is prescribed under the Controlled Substances Act." *See United States v. Moss,* 887 F.2d 333, 336 (1st Cir.1989). The offenses charged in the indictment are clearly crimes for which a maximum term of imprisonment of ten years or more is prescribed. *See* 21 U.S.C. § 841(b).

During oral argument, the Government also noted that under the Guidelines the defendant would potentially face even greater prison time than provided for by statute. The maximum referred to in 18 U.S.C. § 3142(e) is calculated according to the statutory maximum, not the sentence the defendant is likely to receive under the guidelines. *See Moss,* 887 F.2d at 336–37.

In any event, it is uncontested that the rebuttable presumption of 18 U.S.C. § 3142(e) is applicable in this case.

old male and a lifetime resident of Wichita. The defendant apparently had no prior convictions. The defendant had apparently lived with his mother his entire life until shortly before his arrest in this case. At the time of his arrest, the defendant apparently was living in various motels. Prior to his arrest the defendant worked in some capacity as a sales representative for Radio Shack. If the defendant were released on bond, he may have the possibility of returning to that job.

The defendant's mother, who is a seamstress, testified that she thought she could insure the defendant's presence and would promise to inform the court of any violations of any conditions of release imposed by the court. The defendant's mother also testified that in her opinion, her son did not have any place to run. The defendant's mother was apparently unaware of her son's involvement in sale of drugs prior to his arrest. Nor was the defendant's mother aware of the appearance or odor of drugs. Neither the defendant nor his mother could post any amount of money or property as surety.

The court concludes, having considered all of the factors found in section 3142(g), that the defendant has failed to rebut the presumption of flight and danger to the community and that no condition or combination of conditions will reasonably assure the appearance of the defendant or guarantee the safety of the community. The charges against the defendant involve narcotics and the possession of a gun during the commission of the crime. The weight of evidence against the defendant is substantial. While the defendant has lived in the Wichita community throughout his life, he does not appear to have significant ties to community in terms of employment. As mentioned above, the defendant does not have any financial resources. The fact that the defendant may not have family or friends outside of the Wichita area or a specific place "to run to" if released on bond is not particularly persuasive when viewed in the light of the fact that the defendant potentially faces, at a minimum, twenty years of imprisonment.

While the court viewed the defendant's mother's testimony as sincere and that she honestly believed that she could effectively act as her son's personal jailor, the court is not satisfied that any condition or combination of conditions can insure the defendant's appearance and would not pose a danger to the safety of the community. As mentioned above, the defendant's mother was unaware of his involvement with drugs prior to his arrest. The court finds that the government has sustained its burden of proof and has demonstrated by clear and convincing evidence that the defendant poses a flight risk and a danger to the community. The court rejects the defendant's suggestion that because the DEA has confiscated his pistol that he no longer poses a risk to the community.

The court will not set aside the magistrate's detention order. As ordered in Magistrate Wooley's order of detention, and as the court announced at the conclusion of the hearing, Carlos is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody on appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS THEREFORE ORDERED the magistrate's order of detention pending trial shall remain in full force and effect.