999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald CARLOS, Defendant-Appellant.
 No. 92-3341.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1993.
 
 Before McKAY, Chief Judge, LOGAN and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant was convicted of carrying a firearm during and in relation to a drug trafficking offense, contrary to 18 U.S.C. § 924(c).[2] He appeals, claiming that the evidence against him was insufficient to support a verdict of guilty beyond a reasonable doubt.
 
 
 3
 This charge arose out of the events which occurred on February 18, 1991. The facts, viewed in the light most favorable to the government, show that Defendant entered into negotiations with an undercover police officer to sell cocaine base. On February 18, 1991, Defendant and the undercover officer discussed a transaction to purchase an ounce of cocaine base. The negotiations ran into trouble, however, when Defendant's supplier refused to meet with anyone but Defendant. At the same time, the officer was hesitant to entrust Defendant to take the $1400 purchase price and return with the cocaine. To break the deadlock, Defendant offered to give the officer several items as security for his return, including a handgun and the keys to a truck. The officer agreed, and the transaction was consummated. After the transaction, the officer returned the gun to Defendant.
 
 
 4
 On February 22, 1991, the two men met again to negotiate the further sale of half an ounce of cocaine base. Defendant said he would check on the availability of the cocaine with his supplier and asked the officer to meet him subsequently at a car wash. At the car wash, the police arrested Defendant. The search incident to the arrest revealed that he was carrying the handgun, which was loaded. While these actions were not directly relevant to the events of February 18, they were circumstantially relevant.[3]
 
 
 5
 We affirm Defendant's conviction. This case falls well within Smith v. United States, 113 S.Ct. 2050 (1993), and our prior decisions relating to availability of a gun during a drug transaction. See, e.g., United States v. Parrish, 925 F.2d 1293, 1297-98 (10th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 He was also convicted of numerous other drug crimes, which he does not appeal
 
 
 [3]
 We note that the indictment charged a § 924(c) violation for both February 18 and February 22, 1991. However, at the close of the government's case, the trial court dismissed the February 22 charge on the ground that the government failed to prove that Defendant was engaged in a drug trafficking crime at the time of his arrest. The government has not filed a cross-appeal of this dismissal. Thus, we consider the February 22 incident only as circumstantial evidence of the events which occurred on February 18