**UNITED STATES of America,**

v.

**Raymond EADDY, et al., Defendants.**

**No. 94–CR–181.**

United States District Court,
N.D. New York.

June 1, 1994.

United States Attorney's Office, N.D.N.Y., Albany, NY, for the Government (Barbara D. Cottrell, Asst. U.S. Atty., of counsel).

Doherty & Doherty, Cohoes, NY, for defendant (John J. Doherty, Jr., of counsel).

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

Defendant Raymond Eaddy was detained by order of Magistrate Judge Smith after a pre-trial detention hearing held on May 9, 1994. Defendant now comes before the court by way of an Order to Show Cause seeking review of Judge Smith's detention order.

The defendant has been charged in the indictment with conspiracy to distribute and possess with intent to distribute a quantity of cocaine and cocaine base (Count One in the Indictment). If convicted of this charge, defendant faces a mandatory minimum of ten years and maximum term of life imprisonment.

■ When a defendant seeks review of a magistrate judge's detention order, the Second Circuit has declared that a district court should fully reconsider a magistrate's denial of bail, and in ruling on such a motion, the district court should not simply defer to the judgment of the magistrate judge, but reach its own independent conclusion. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir.1985) (citing *United States v. Delker,* 757 F.2d 1390, 1394–95 (3d Cir.1985); *United States v. Williams,* 753 F.2d 329, 331 (4th Cir.1985)). Basically, review of the instant matter is *de novo* in nature. *Id.* With this standard in mind, we now turn to the merits of defendant's claim.

The defendant contends that Magistrate Judge Smith erred in his determination to detain defendant without reasonable bail. It is argued that the Magistrate's reliance on the government's representation that defendant had made threats to unidentified individuals was misplaced because the government had failed to give the specifics of the alleged threats—specifics such as the words used by defendant when threatening other individuals and the identity of individuals who allegedly received the threats.

The government, on the other hand, alleges that even if the court was to discount the alleged threats made by the defendant, defendant is still a significant risk of flight and a danger to the community. The government directs the court's attention to the fact that defendant faces a ten year minimum mandatory sentence for his alleged acts if convicted. For this reason, the government urges the court to detain the defendant without bail.

■ 18 U.S.C. § 3142(e) states in relevant part

> [s]ubject to rebuttal by the person, it shall be *presumed* that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more. . . .

18 U.S.C. § 3142(e) (emphasis added). The Second Circuit has stated that "an indictment returned by a duly constituted and unbiased grand jury satisfies the Constitution as to the existence of probable cause that the defendant committed the crimes enumerated therein." *United States v. Contreras,* 776 F.2d 51, 54 (2d Cir.1985) (citing *Lawn v. United States,* 355 U.S. 339, 349, 78 S.Ct. 311, 317, 2 L.Ed.2d 321 (1958)). Thus, in the case at bar, since an indictment was returned by a duly constituted grand jury, there is probable cause to believe that defendant committed the acts alleged in the indictment. Accordingly, there exists a presumption that defendant does indeed pose a significant risk of flight since the alleged offense carries a potential maximum term of life imprisonment. The instant defendant has failed rebut this presumption.

■ Furthermore, even in the absence of the § 3142 presumption, the government has sufficiently shown that each of the statutory factors weighs in favor of detaining defendant without reasonable bail. *See* 18 U.S.C. § 3142. The Second Circuit has enunciated that when a district court makes its determination on whether to detain a defendant, the court should look to the nature and circumstances of the offense charged, the weight of the evidence against the defendant and the history and characteristics of the defendant. *See United States v. Jackson,* 823 F.2d 4, 5–6 (2d Cir.1987).

In the case at bar, the nature of the offense is such that defendant faces the possibility of a severe sentence and, as already noted, the crime charged "involves a narcotics drug." 18 U.S.C. § 3142(g)(1). As to the weight of the evidence, the government apparently has approximately a dozen witnesses as well as physical evidence to support the charges made against the defendant. Cottrell Affidavit ¶ 2. And finally, as to defendant's personal characteristics, the government directs the court's attention to defendant's prior criminal history: He was convicted of robbery and also of a misdemeanor weapons possession charge. *Id.* In the absence of a substantial response by the defendant, the Second Circuit has held similar facts adequate to satisfy the statutory requirements for pretrial detention to assure the presence of defendant at trial. *See Jackson,* 823 F.2d at 7; *United States v. Martir,* 782 F.2d 1141 (2d Cir.1986); *United States v. Gonzales Claudio,* 806 F.2d 334, 338–39 (2d Cir.1986).

Thus, defendant's failure to rebut the § 3142 presumption coupled with the government's ability to satisfy the statutory requirements for pretrial detention results in the denial of defendant's motion for reasonable bail.

For the foregoing reasons, it is hereby **ORDERED,** that defendant's motion that defendant be released on reasonable bail be **denied.**