**UNITED STATES of America, Plaintiff,**

v.

**Billy Dean TRAMMEL, Defendant.**

No. 95–68M.

United States District Court,
N.D. Oklahoma.

June 30, 1995.

Rabon Martin, Todd Tucker, Martin & Associates, Tulsa, OK, for Billy Trammel.

Lucy O. Creekmore, United States Attorney, Tulsa, OK, for U.S.

### ORDER

HOLMES, District Judge.

This matter comes before the Court on a motion for revocation of release order and application for stay of release order under 18 U.S.C. § 3145(a)(1) by Plaintiff United States of America. On June 14 and June 20, 1995, a United States Magistrate Judge held the initial hearing in this case and, pursuant to that hearing, ordered that Defendant Billy Dean Trammel ("Trammel") be released on a $25,000 surety bond.[1] The Government then moved for revocation of that release order.[2] On June 23, 1995, this Court conducted a hearing to review the release order. The Defendant appeared personally and was represented by attorney Todd Tucker. No additional witnesses testified on behalf of either the Defendant or the Government at the June 23 hearing. The parties decided to rely upon the existing record from the prior hearing before the Magistrate Judge.

The Court now issues its written findings of fact and statement of the reasons for detention pursuant to 18 U.S.C. § 3142(i). The Court's review of the release order is on a *de novo* basis. *United States v. Carlos,* 777 F.Supp. 858, 859 (D.Kan.1991), *aff'd,* 1993 WL 265149, 1993 U.S.App. LEXIS 17627 (10th Cir. July 14, 1993).

The statute provides that detention shall be ordered if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The statute contains a rebuttable presumption which arises in a case that involves "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" or an offense under 18 U.S.C. § 924(c). 18 U.S.C. §§ 3142(e) & 3142(f)(1)(C). The Tenth Circuit has described the operation and effect of the presumption as follows:

> Upon a finding of probable cause ... a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community. Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

"The burden of production imposed on a defendant is to offer some credible evidence contrary to the statutory presumption." *United States v. Miller,* 625 F.Supp. 513, 519 (D.Kan.1985). As stated by the *Stricklin* court, the Government bears the burden of proof at all times.

---

1. Additionally, the Magistrate Judge ordered electronic monitoring, a prohibition on travel outside the Northern District of Oklahoma, successful participation in drug testing and treatment, and that Defendant have no contact with any witness in this case.

2. Pursuant to Local Criminal Rule 12.1(J), the Court stayed the release order pending a resolution of the Government's motion.

In the instant case, Defendant Trammel is charged with three counts of distribution of marijuana in violation of Title 21 U.S.C. § 841(a)(1); three counts of possession of a firearm after former conviction of a felony in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and two counts of possession of a firearm during and in relation to a drug trafficking crime in violation of Title 18 U.S.C. § 924(c).

Based on its review of the record, the Court agrees with the Magistrate Judge that there is probable cause to believe that Defendant Trammel committed a drug offense with a maximum penalty of ten years or more and an offense under 18 U.S.C. § 924(c).[3] Accordingly, the statutory presumption applies to Defendant.

In determining whether Defendant has met his burden of production and the Government has met its burden of persuasion, the Court shall "take into account the available information concerning" the following factors:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence and involves a narcotic drug;

2. The weight of the evidence against the person;

3. The history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4. the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

18 U.S.C. § 3142(g).

In its motion, the Government argues that Defendant failed to present sufficient evidence to rebut the presumption that he is a danger to the community and should be detained. In particular, the prosecution noted that Defendant Trammel is accused of serious firearms offenses and drug trafficking, has a history of felony convictions, and has made threatening statements about the confidential informant involved in the case. Additionally, at the hearing before the Magistrate Judge, the Government demonstrated that the charges against Defendant are based on strong evidence, including taped conversations, that the Defendant was dealing drugs, that the Defendant possessed a firearm after former conviction of a felony, and that Defendant possessed a firearm during and in relation to drug trafficking.

At the hearing before the Magistrate Judge, Defendant presented evidence from three witnesses: Deanna Miglaacco Trammel, Defendant's wife; Patty Sue Collins, Defendant's sister; and George Wharton, a former supervisor of Defendant. Mrs. Trammel testified that Defendant was the only means of support for her and her minor son. She also testified that, contrary to the statements of the confidential informant, she and her husband did not drive by the informant's house after the police executed a search warrant at their home. Mrs. Collins testified that Defendant is not in contact with his brother, DeWayne Trammel, who apparently is a fugitive from justice. Mr. Wharton testified that his employer, Dennis Rogers Painting, has agreed to employ Defendant should he be released on bond.

In accordance with 18 U.S.C. § 3142(g), the Court analyzes the factors set forth in the statute as follows:

1. The nature and circumstances of the offense charged

■ The Defendant is charged in this case *with both* a crime of violence and a crime

---

**3.** The Defendant interposed a general demurrer to the complaint and did not present any evidence at the hearing in regard to the probable cause inquiry.

which involves a narcotic drug. *See* 18 U.S.C. § 3156(a)(4); *e.g., United States v. Sloan,* 820 F.Supp. 1133, 1138–40 (S.D.Ind. 1993) (violation of 18 U.S.C. § 922(g) constitutes a crime of violence); *United States v. Aiken,* 775 F.Supp. 855, 885–57 (D.Md.1991) (same); *United States v. Spires,* 755 F.Supp. 890, 891–93 (C.D.Cal.1991) ("offense may be a crime of violence even though force was not actually threatened or used during the offense").

■ Here, Defendant is subject to independent charges of a crime of violence and a crime involving narcotic drugs, as well as a crime under 18 U.S.C. § 924(c), which involves both. In this case, the nature and circumstances of the offenses charged support detention. The Court finds the reasoning of the *Aiken* court persuasive:

> ... there is an increased risk that a criminally-inclined individual will be more likely to use a firearm already in his possession to commit another crime. Possession of a firearm is an ongoing crime; it is a status offense. A felon who has access to a firearm during a period of time may be more inclined to use it and, when he does, the consequences are greater than they would be if he did not have access to such a weapon.

*Aiken,* 775 F.Supp. at 856–57.

The Defendant made a conscious decision to live with the continuous risk of prosecution under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by choosing to maintain a firearm in his residence, which firearm was discovered pursuant to a lawful search of the premises. Moreover, the firearm was discovered in close proximity to illegal drugs. Thus, the facts and circumstances of the crimes with which Defendant is charged weigh heavily against Defendant's release.

#### 2. The weight of the evidence

■ According to the record in this case, the weight of the evidence against the Defendant is substantial. That a firearm was present in Defendant's residence when the police executed the search warrant and that this firearm was in close proximity to the drugs that Defendant is alleged to have distributed

is uncontroverted. These facts clearly support the testimony by the confidential informant that the Defendant possessed a firearm in relation to a drug trafficking offense. In addition, independent of the anticipated testimony of the Government's confidential informant, these facts establish probable cause to believe that the Defendant committed the firearm offense as well as the crime of possession of a firearm in relation to a drug trafficking crime under 18 U.S.C. § 924(c). These offenses alone, if proven, will result in incarceration. As to the charges under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the weight of the evidence is overwhelming. As to the remainder of the charges, the weight of the evidence is substantial. Accordingly, the totality of the evidence weighs heavily against Defendant's release.

#### 3. The history and characteristics of Defendant

■ The history and characteristics of the Defendant reflect a life of crime. The Defendant was sentenced to a ten year term of probation for a charge of theft over $200 but less than $10,000 and charges of burglary and burglary of an auto in Tarrant County District Court in Texas. For reasons unknown, on November 22, 1987, the Defendant's probation was revoked, and he was sentenced to five years in the custody of the Texas Department of Corrections. On April 3, 1983, Defendant was charged with being a fugitive from justice in Washington County District Court in Oklahoma. This charge was later dismissed. In the same court, Defendant was charged with obstructing an officer. Defendant pled guilty to the obstruction charge and served five days in the county jail. On May 18, 1985, Trammel was arrested for possession of marijuana and paraphernalia and public intoxication. He was convicted on both charges and sentenced to a one year term in the county jail. His sentence was subsequently suspended, and he was fined $100.00. Finally, on September 6, 1985, Trammel was arrested by the Tulsa Police Department on two charges of failure to return rental property. He was convicted on both charges in Tulsa County District Court and sentenced on November 22, 1985 to a four year term in the custody of the

Oklahoma Department of Corrections on both charges to run concurrently. He discharged the sentence in June, 1987.

Defendant's history and characteristics weigh heavily against his release.

### 4. The nature and seriousness of the danger to any person or the community posed by Defendant's release

 The Court must evaluate the nature and seriousness of the danger to any person or the community. The Tenth Circuit has stated that the concept of the safety of the community under 18 U.S.C. § 3142(e) "is to be given a broader construction than the mere danger of physical violence. Safety of the community 'refers to the danger that the defendant might engage in criminal activity to the detriment of the community.'" *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir.1989). The court included drug trafficking among those criminal activities considered to be "to the detriment of the community." *Id.*

 In the instant case, based upon his past criminal record and the present charges, there is a reasonable basis on which to conclude that the Defendant will continue to engage in drug trafficking and therefore constitute a "danger to the safety of any other person or the community". The pretrial services officer concluded that "Trammel is viewed as a threat to the community." Accordingly, he recommended detention. The Court concurs.

Defendant is a convicted felon. He has already made a specific choice to live in jeopardy of arrest by allowing a firearm to be present in his residence. Defendant has compounded this dangerous choice with an additional decision to use that firearm in relation to activities which, if proven, are illegal—namely, the distribution of drugs. The Court believes that a convicted felon with a lengthy criminal record who chooses to allow a firearm to be present in his residence, notwithstanding the immediate and inevitable incarceration that could result if detected, and who further uses that firearm in a drug trafficking offense threatens public safety. In addition, the Government has introduced evidence of danger to the community by virtue of the threat to the confidential informant. The Court accepts this evidence and considers it in conjunction with the other facts present in this case in determining that Defendant is a "danger to the community" for purposes of its detention analysis. Therefore, this factor weighs heavily against the Defendant as well.

 The Court is aware of the evidence presented by Defendant of family ties in this area and his·support of his minor child. These factors have an important bearing on the question of whether Defendant is a flight risk, but they are not sufficient to overcome the danger that Defendant presents to the community, his history of crime, and the very strong evidence that Trammel recently committed very serious offenses involving drug trafficking and illegal possession of a firearm in spite of those family ties.

### 5. Risk of flight

To determine whether Defendant is a flight risk, the Court generally looks to (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; and (3) the history and characteristics of the person. 18 U.S.C. § 3142(g); *United States v. Dodge*, 846 F.Supp. 181, 184–85 (D.Conn.1994).

 Notwithstanding Defendant's criminal record, in the first instance, the United States Probation Office concluded that the Defendant "is not viewed as a flight risk" based on Trammel's life long residence in Northeast Oklahoma, his employment, his family ties and responsibility for the care of a minor child, and his lack of any record of conviction for failure to appear. Despite the initial conclusion of the Probation Office, now the Government argues that Defendant is indeed a flight risk. Defendant disagrees, pointing to his family ties to the area and his minor child.

The Court declines to accept Defendant's claim that he is not a flight risk. His prior

criminal record, coupled with the reasonable likelihood of incarceration as a result of the possession of the firearm charge alone increases the likelihood of flight substantially.[4]

Further, the Court finds, based on the presumption of 18 U.S.C. § 3142(e), the nature of the crimes charged, and the convictions of Defendant in the past, that the Government has sustained its burden of proving that Defendant would pose a threat to the community if released. The Court is not persuaded by the facts relied on by the Magistrate Judge in finding that Defendant had successfully rebutted the presumption. Although this case presents a difficult question, upon a careful review of the facts and the applicable law, the Court concludes that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of other persons and the community. For that reason, Defendant must be detained pending trial.

The Government's motion for revocation of the release order is hereby granted. Defendant will be incarcerated pending trial pursuant to this order.

IT IS SO ORDERED.

---

**4.** *See, e.g., United States v. Eaddy,* 853 F.Supp. 592, 593–94 (N.D.N.Y.1994) (defendant charged with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base not entitled to release pending trial because finding of probable cause that defendant committed charged crimes and minimum ten year sentence increases flight risk); *Dodge,* 846 F.Supp. at 184–85 (defendant charged with conspiracy to possess unregistered silencer and possession of unregistered silencer and pipe bomb presented unreasonable risk of flight warranting pretrial detention considering serious nature of crimes charged, nature and strength of government's case, and defendant's criminal history); *Carlos,* 777 F.Supp. at 860–61 (defendant charged with narcotics offenses and knowingly possessing firearm during commission of drug trafficking crime failed to rebut presumption of flight despite lifelong residency in area, considering seriousness of charges and minimum twenty year sentence faced by defendant; court detained defendant pending trial).