UNITED STATES of America, Plaintiff,

v.

Hattie M. McNEAL, Defendant.

No. 96–40039–03–DES.

United States District Court,
D. Kansas.

Feb. 13, 1997.

Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, for Hattie M. McNeal.

Randy M. Hendershot, Office of United States Attorney, Topeka, KS, for the U.S.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Hattie M. McNeal's motion to reconsider (Doc. 138) the United States Magistrate Judge Ronald C. Newman's detention order (Doc. 88) entered August 8, 1996. Defendant's motion will be construed as a motion for review of detention order pursuant to 18 U.S.C. § 3142. For the reasons set forth below, defendant's motion is denied.

On May 9, 1996, the United States Attorney filed a two-count information against Hattie M. McNeal. In Count 1, the government charges that the defendant did knowingly and willfully conspire to possess with the intent to distribute and distribute 50 grams of a mixture or substance containing a

detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 846; with reference to 21 U.S.C. § 841(a)(1). In Count 2, the government charges that the defendant did knowingly and intentionally distribute in excess of 50 grams a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Following defendant's arrest, a detention hearing was held before Magistrate Judge Newman on May 13, 1996. Judge Newman ruled that the government had failed to present evidence that no condition or combination of conditions will reasonably assure the appearance of defendant and the safety of the community. Accordingly, Judge Newman declined to order detention and instead issued an order setting the conditions of defendant's release (Doc. 24).

Defendant appeared on August 1, 1996, for a "show cause" hearing on the petition of the pretrial services officer to revoke the defendant's conditional release and to enter an order detaining her. At this hearing, defendant admitted using "crack" cocaine in violation of her conditions of release. Judge Newman warned Ms. McNeal that another violation of the conditions of her release would result in her being detained. Judge Newman also ordered the defendant to appear at the United States probation office each Monday, Wednesday, and Friday for drug testing. Ms. McNeal failed to appear on August 5, 1996, and Judge Newman issued a detention order following a hearing on August 8, 1996. Ms. McNeal now seeks review of Judge Newman's detention order.

■ A defendant detained by a magistrate judge may seek review before the district court. 18 U.S.C. § 3145(b). The district court conducts a de novo review of the magistrate judge's pretrial detention order and must make its own determination if pretrial detention is proper or set conditions of release. *United States v. Carlos,* 777 F.Supp. 858, 859 (D.Kan.1991); see *United States v. Rueben,* 974 F.2d 580, 585–86 (5th Cir.1992), *cert. denied,* 507 U.S. 940, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993). The district court must ultimately decide the propriety of detention without deference to the magistrate judge's

conclusion. *United States v. Koenig,* 912 F.2d 1190, 1192 (9th Cir.1990); *United States v. Gaviria,* 828 F.2d 667, 670 (11th Cir.1987).

■ A person who violates a condition of release under 18 U.S.C. § 3142 "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148 provides that the government may commence a revocation proceeding by a motion. The judicial officer is to conduct a revocation proceeding in accordance with the following:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
>
> (1) finds that there is—
>
> (A) probable cause to believe that the person has committed a Federal, State or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

18 U.S.C. § 3148. Thus, before revoking a defendant's release it must find: (1) that there is probable cause that the defendant committed a crime while on release or clear and convincing evidence that the defendant violated any other condition of release; and (2) that either no condition or combination of conditions will assure that the defendant will not pose a danger to any other person or the community or that the defendant is unlikely to abide by any condition or combination of

conditions or release. *See United States v. Aron,* 904 F.2d 221, 224 (5th Cir.1990).

The first prong is clearly met because Ms. McNeal admitted using "crack" cocaine in violation of her conditions of release. The question is whether Ms. McNeal can produce some evidence rebutting the 18 U.S.C. § 3148 presumption that no condition or combination of conditions will assure that she will not pose a danger to the safety of any other person or the community [1] and that she is likely to abide by the conditions of her release.

Ms. McNeal offers three documents bearing on the issue of her detention. The first is a letter from Patricia Hill of Topeka, Kansas, offering a place for Ms. McNeal to live. The second is a letter from the manager third assistant at a local McDonald's restaurant offering Ms. McNeal employment. The third document is a letter from Ms. McNeal assuring the court that she is no longer addicted to drugs or alcohol. The availability of shelter and employment are important considerations, but it is Ms. McNeal's character that is central to the court's decision. Only the third letter, then, is pertinent here.

The court is not satisfied, in light of Ms. McNeal's recent history, that she would be able to comply with the conditions of her release. This concern is also relevant to the question of whether Ms. McNeal would pose a danger to the safety of the community. The term "safety of the community," as used in 18 U.S.C. § 3148, encompasses not only the threat of physical violence but also the danger of the defendant putting the community at risk by engaging in criminal activity. *United States v. Cook,* 880 F.2d at 1161. Ms. McNeal has already admitted to engaging in criminal activity on release and, her letter notwithstanding, the court is not persuaded that she would be able to avoid such behavior if released again. The court finds that Judge Newman's detention order should be affirmed and directs that Ms. McNeal remain in custody pending trial.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's motion to reconsider (Doc. 138) is denied and that Magistrate Judge Newman's detention order (Doc. 88) is affirmed.

---

**1.** Even if the defendant carries her burden, "the presumption does not disappear, but rather remains as a factor for consideration in the ultimate release or detention determination." *United States v. Cook,* 880 F.2d 1158, 1162 (10th Cir.1989).