**UNITED STATES of America, Appellee,**

v.

**Heriberto LEON, a/k/a "Pupe",
Defendant-Appellant.**

**No. 1319 Docket 85–1133.**

United States Court of Appeals,
Second Circuit.

Argued May 14, 1985.

Decided June 25, 1985.

John R. Parrinello, Rochester, N.Y. (Redmond & Parrinello, Rochester, N.Y., of counsel), for defendant-appellant.

Melchor E. Castro, Asst. U.S. Atty., Rochester, N.Y. (Salvatore R. Martoche, U.S. Atty., W.D.N.Y., Rochester, N.Y., of counsel), for appellee.

Before LUMBARD, OAKES and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge.

This is an appeal from a detention order [1] entered in the United States District Court for the Western District of New York (Telesca, J.) directing that defendant Heriberto Leon be detained pending trial under the Bail Reform Act of 1984 (Act), 18 U.S.C. § 3141 *et seq.,* on the grounds that there are no conditions of release that will reasonably assure his appearance at trial and the safety of others and the community. Under Rule 9(a) of the Rules of Appellate Procedure an appeal of this nature "shall be determined promptly." To accomplish that objective, the appeal comes up in a somewhat hurried manner clothed in motion papers for purposes of expedition.

■ . On this appeal, the detained defendant requested that he be released and that the Act be declared unconstitutional. Because of the necessity of promptness, we heard this appeal without the aid of briefs and there was insufficient time for the parties to address adequately the issue of the constitutionality of the Act's challenged presumption, which was raised for the first time on appeal. We follow the rule that a court should not reach constitutional issues when there are other, nonconstitutional grounds upon which it can resolve the case. That is to say, a court should decide no more than is necessary. Therefore, although we agree that a detention order properly was issued in this case, we reach this result by proceeding along a different path than that followed by the district court. Here there is ample proof that defendant has threatened two potential witnesses. *See* 18 U.S.C. § 3142(f). This evidence justifies defendant's detention, without the aid of the rebuttable presumption Congress included in § 3142(e).

## I  FACTS

Leon, a recent Cuban immigrant to the United States, was arrested with six others on January 18, 1985. The arrest resulted from electronic eavesdropping that revealed there was going to be a meeting involving cocaine, records of drug transactions, and money at his Joseph Avenue garage in Rochester, New York. The Rochester police had been investigating Leon since 1983 and he had been identified by a confidential informant as a supplier to a cocaine distribution network in this western New York community. On one occasion the defendant allegedly sold ⅛ ounce of cocaine to an undercover Rochester police officer. Although he purchased real property in Rochester from his American wife, Leon has no fixed residence there and spent much of the several months immediately before his January 1985 arrest in Miami, Florida. The defendant claims that his presence in Florida was to make arrangements for members of his family to enter this country from Cuba. When Leon was arrested at his garage, the police found a loaded handgun in a jacket that he had been wearing when he entered the building. A second loaded handgun, which he is alleged to have bought, was also discovered on the premises. The arresting officers seized 41 ounces of cocaine packed in individual clear plastic one-ounce bags with a total street value of approximately $100,000 and approximately $76,000 in cash.

While the suspects were being processed at the Monroe County jail, Leon allegedly told one of the city police officers (the same undercover officer who had earlier purchased the cocaine from him) that he would

---

**1.** At oral argument, counsel advised us that no trial date has been set. The duration of defendant's detention is limited by 18 U.S.C. § 3161, which "requires that priority be given to a case in which a defendant is detained, and also requires that his trial must, in any event, occur within [70] days, subject to certain periods of excludable delay." Senate Report, *supra,* at 22 n. 63.

never forget what the two officers had done and that he knew everything about them. He allegedly said that he would "get even" and that he would "see to it" that the two officers went on "a very long vacation." The officer testified that judging from Leon's expression and manner of speech he considered the statements a threat.

At the time of his hearing before a magistrate, defendant had been indicted for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). When the magistrate's findings came before the district court for review, defendant had also been indicted for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Following his pretrial detention hearing, held on January 22 and 23, 1985 pursuant to § 3142(f) of the Act, Magistrate Larimer ordered that Leon be held without bail. The magistrate stated that because there was probable cause to believe that the defendant had violated 21 U.S.C. § 841(a)(1), a rebuttable presumption arose under § 3142(e) of the Act that there were no conditions of release that would reasonably assure the defendant's presence at trial and the safety of the community.[2] The magistrate further noted that since the defendant had only cross-examined the government's witnesses and had declined to present any additional evidence, he had not rebutted the government's case. Thus, the magistrate held in light of the presumption and the strong additional evidence the government adduced at the hearing that there were no conditions of release that would reasonably assure Leon's presence at trial and the safety of the community. He also found a "serious risk that defendant will threaten, injure, or intimidate a prospective witness."

■ In reaching these findings the magistrate relied on a number of factors, including: the gun found in the defendant's jacket; a concealed weapons charge made against defendant in Florida, which corroborated his propensity to carry a gun; the threat made to the police officers; and testimony about a shooting incident in which Leon was implicated. The proof before the magistrate revealed that a man named Saez, who had been on trial for an A-1 felony under New York law, said in open court during his trial that Leon was responsible for his being shot three times in the face and side. Although Saez later recovered, he absconded during his trial and has not been seen since. Finally, the magistrate stated specifically that he had not relied on testimony of the two police officers given *in camera* regarding certain

---

2. Section 3142(e) reads:

Detention—If, after a hearing pursuant to the provisions of subsection (f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, he shall order the detention of the person prior to trial. In a case described in (f)(1), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if the judge finds that—

(1) the person has been convicted of a Federal offense that is described in subsection (f)(1), or of a State or local offense that would have been an offense described in subsection (f)(1) if a circumstance giving rise to Federal jurisdiction had existed;

(2) the offense described in paragraph (1) was committed while the person was on release pending trial for a Federal, State, or local offense; and

(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

*Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act* (21 U.S.C. 801 et seq.), *the Controlled Substances Import and Export Act* (21 U.S.C. 951 et seq.), *section 1 of the Act of September 15, 1980* (21 U.S.C. 955a), *or an offense under section 924(c) of title 18 of the United States Code.*

18 U.S.C. § 3142(e) (emphasis added).

confidential information that the officers had obtained from informants.[3]

On March 13, 1985 the magistrate denied defendant's motion for reconsideration of his findings and decision to detain Leon without bail. The defendant then moved in district court for review. On April 2, 1985, District Judge Telesca denied defendant's motion to amend or vacate the magistrate's order, and defendant took this appeal.

## II DISCUSSION

■ Defendant first contends that the district judge improperly deferred to the findings of the magistrate. He argues that the judge should have reviewed those findings *de novo*. The legislative history and language of the statute do not address the issue. Section 3145(b) of the Act merely provides:

> If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In our view a district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion. *See United States v. Delker*, 757 F.2d 1390, 1394–95 (3d Cir. 1985); *United States v. Williams,* 753 F.2d 329, 331 (4th Cir.1985); *United States v. Beesley*, 601 F.Supp. 82, 83 (N.D.Ga.1984). But here there is no basis for Leon's claim that Judge Telesca merely deferred to the magistrate's findings. After reviewing the magistrate's proceedings the district court made its own independent findings and stated that "clear and convincing evidence

in this case supports the determination of the magistrate that Mr. Leon should be detained pending his trial."

In order to analyze this appeal in proper perspective, it is necessary to review briefly the origins and structure of § 3142 of the Act. That section dramatically changed prior law by adding "the nature and seriousness of the danger to the community that would be posed by the person's release" as a factor that should be considered in determining whether a defendant should be detained pending trial. 18 U.S.C. § 3142(g). The change in the law was said to reflect "the deep public concern ... about the growing problem of crimes committed by persons on release" and the recognition that

> *there is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this limited group of offenders that the courts must be given the power to deny release pending trial.*

S.Rep. No. 225, 98th Cong., 1st Sess. 6–7, *reprinted in* 1984 Code Cong. & Ad.News 3182, 3188–89 (Senate Report) (emphasis added).

Section 3142(f) describes in what cases a "judicial officer shall hold a hearing" to determine whether pretrial detention is appropriate to "reasonably assure the appearance of the person as required and the safety of any other person and the community." Subsection (f)(1) lists various types of offenses that trigger a hearing, and subsection (f)(2) states that a hearing should be held if the case "involves—(A) a serious risk that the person will flee; (B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threat-

---

**3.** Ordinarily, we would remand for a hearing on whether the *in camera* testimony—which the government concedes violated the defendant's right to cross-examine witnesses—tainted the magistrate's conclusion. After carefully reviewing the sealed transcript of that testimony, we are convinced that nothing of consequence was revealed that was not disclosed also in open court.

en, injure, or intimidate, a prospective witness or juror."

■■ Subsection (g), in turn, details the factors to be considered by a judicial officer in determining whether the government has proved by "clear and convincing" evidence that it should be one of the rare cases warranting detention. *See United States v. Jessup,* 757 F.2d 378, 381–84 (1st Cir.1985). For example, it is clear that the harm to society caused by narcotics trafficking is encompassed within Congress' definition of "danger." Senate Report, *supra,* at 15, *reprinted in* 1984 U.S.Code Cong. & Ad.News at 3198. Yet, the degree of that danger remains critical under § 3142(g). To determine that degree and decide if a defendant should be detained, a judicial officer must weigh factors such as the nature and circumstances of the crime charged, whether it involved violence or drugs, the personal history of the person, the seriousness of the danger posed by the person's release, and the evidence of the individual's guilt.

Subsection (e) states if the judicial officer finds that detention is appropriate "he shall order the detention of the person prior to trial." In addition, subsection (e) sets forth two rebuttable presumptions in favor of detention. *See supra* note 2. One presumption relates to "the safety of any other person and the community" but is expressly limited to hearings held pursuant to subsection (f)(1). The other, addressed by the magistrate and the district court, concerns the risk of defendant's flight and "the safety of the community" and is brought into play when "the judicial officer finds that there is probable cause to believe that the person committed" certain enumerated offenses.

■ With the origins and structure of § 3142 in mind, we turn to this case, in which both the magistrate and the district judge made an independent determination that probable cause existed to warrant a finding that the defendant had committed a drug offense for which the law prescribes a maximum term of imprisonment of ten years or more. This determination trig-

gered the rebuttable presumption under § 3142(e): "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e).

On appeal, Leon challenges the constitutionality of that rebuttable presumption arising from the charged narcotics offense. We need not address that constitutional claim because the appeal can be resolved on other grounds. As noted, a detention hearing is held where there is "a serious risk" that the defendant "will ... injure or intimidate ... a prospective witness." 18 U.S.C. § 3142(f)(2)(B). The magistrate found that Leon had made threats to prospective witnesses and that Leon's detention was appropriate to assure the safety of those witnesses. This holding constitutes an alternative ground for detention, distinct from Leon's failure to rebut the presumption concerning his risk of flight and safety to the community, and was also relied upon by the magistrate.

We recognize that detention *during trial* has long been permitted without constitutional infirmity upon proof that the defendant was involved in the obstruction of justice. *See United States v. Bentvena,* 288 F.2d 442, 444–45 (2d Cir.1961); *Carbo v. United States,* 288 F.2d 686, 689 (9th Cir. 1961), *review denied,* 369 U.S. 868, 82 S.Ct. 1137, 8 L.Ed.2d 274 (1962). The Bail Reform Act of 1984 now provides statutory authority to permit detention *before trial,* providing that the factors leading to a denial of the right to bail have been satisfied.

We hold that, regardless of the presumption challenged by Leon, the evidence was more than sufficient to support the magistrate's determination. In reaching this conclusion, an eye must be kept on the § 3142(g) factors. Of course, in a case involving threats to witnesses, evidence of such threats is a significant factor. The findings of threats made by Leon rest on strong evidence in the record. There was a threat concerning the two police officers, who are prospective witnesses at Leon's

trial for serious drug offenses. This threat must be viewed in light of the defendant's propensity to carry a loaded firearm, shown by the weapon discovered in his jacket at the time of his arrest, his arrest for a concealed weapon in Florida, and the credited allegation that he was behind the recent shooting of Saez. In sum, the government established by "clear and convincing" evidence that there exists a serious risk that Leon would, if released, in the words of the hearing portion of the statute, "threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B). *See Delker,* 757 F.2d at 1400; *United States v. Acevedo-Ramos,* 755 F.2d 203, 206 (1st Cir.1985).

Accordingly, the order below denying the defendant's motion to amend or vacate the pretrial detention order is affirmed.