**UNITED STATES of America**

v.

**Marcus HOOPER, Defendant.**

**No. Cr. 89–158A.**

United States District Court,
W.D. New York.

April 11, 1990.

Dennis C. Vacco, U.S. Atty., W.D.N.Y. by Thomas S. Duszkiewicz, Asst. U.S. Atty., Buffalo, N.Y., for Government.

Mark J. Mahoney, Buffalo, N.Y., for defendant.

## DECISION AND ORDER

ARCARA, District Judge.

Defendant, Marcus Hooper, has moved this court for a review of an order of detention entered on September 26, 1989, after a hearing by United States Magistrate Edmund F. Maxwell. A review by the district court of an order of detention is a de novo review. United States v. Leon, 766 F.2d 77 (2d Cir.1985). Accordingly, defense counsel and the attorney for the government were given a full opportunity to present either evidence or witnesses and to make any appropriate proffer.

█ The government chose to proceed by proffer which is appropriate. United States v. Martir, 782 F.2d 1141, 1145 (2d Cir.1986). During the proffer, the Assistant United States Attorney chose to rely on the indictments pending against the defendant, and offered limited information as to the factual basis for those indictments. The government's attorney also argued strenuously that the statutory presumptions codified in 18 U.S.C. § 3142 controlled this decision. It is clear though that despite those presumptions, the burden of persuasion is on the government. United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir.1985).

From all the evidence presented, including certified copies of Erie County indictments provided at the court's request, the following facts have been established.

The defendant was arrested on September 14, 1989 on both state and federal charges. The federal arrest warrant for the defendant had been issued on May 17, 1989, after Drug Enforcement agents conducted a search, pursuant to a search warrant, of a suitcase taken from the defendant at the Buffalo International Airport on May 10, 1989. Whether the suitcase was properly seized is the subject of a pending suppression motion. No argument has been made that the search warrant was not validly obtained. The search of the suitcase revealed that the defendant was carrying 10 ounces of cocaine, an Uzi automatic weapon and a loaded magazine for the gun.

On May 15, 1989, when the federal charges were filed against defendant, he was already charged in Erie County, along with two other defendants, with criminal possession of a weapon after his arrest on April 10, 1989. An Erie County Grand Jury indicted him on this charge in July. This charge arose after the Buffalo Police, who were following a car they believed was being used in drug trafficking, observed the car stopping at a known drug house after which they stopped the vehicle. When the occupants emerged, defendant was noticed with a bulge under his jacket. The defendant fled and, following a chase, he was apprehended and a semi-automatic weapon was recovered, although the weapon was not on him at that time. After his arrest, he was released on his own recognizance.

His subsequent arrest on September 14, 1989 was precipitated by the Buffalo Police Department's execution of a search warrant at a residence on Barthel Street. That search and arrest resulted in the defendant being charged in a twelve count indictment with various weapons charges, including possession of weapons with the intent to use them unlawfully against members of the Buffalo Police Department, and possession of a controlled substance. It is somewhat unclear exactly what transpired during the execution of the search warrant, but it is not controverted that the defendant was shot during the confrontation with the Buffalo Police.

Finally, the defendant has been charged in an indictment dated January 16, 1990, returned by an Erie County Grand Jury, with Murder for the shooting of Ivan Ware on or about May 8, 1989, and with criminal possession of a weapon.

As to the defendant's personal history, there is little dispute. He is 19 years old and there is no evidence he had been ar-

rested prior to the April 10, 1989 arrest on weapons charges, although no information has been obtained from California, his previous residence.

The defense presented two witnesses who testified that he helped both during periods of incapacity. The first was a blind man who met the defendant informally. He testified that the defendant had made a concerted effort to assist him and his family with routine chores and obligations.

The second witness was a woman, employed by Erie County, who had allowed the defendant to reside in her home in exchange for his doing maintenance work around the house. She testified that she had met him approximately two years ago through her daughter who is a contemporary of the defendant. She testified that the defendant cared for her during a postoperative period while she recovered from heart surgery. She also testified that she did not pay him, but exchanged room and board for his maintenance of the house and care of her. There is no other indication that the defendant had any other employment.

The question thus becomes whether the defendant should continue to be detained pursuant to 18 U.S.C. § 3142. Having considered the arguments of both counsel and their written submissions, it is clear that the statute speaks for itself and the defendant should be detained pending trial.

In order for a person to be detained, it is necessary under 18 U.S.C. § 3142 to find that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."

The statute then provides that: "In a case described in (f)(1), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if the judge finds that—(1) the person has been convicted of a Federal offense that is described in subsection (f)(1), or of a State or local offense that would have been an offense described in subsection (f)(1) if a circumstance giving rise to Federal jurisdiction had existed; (2)

the offense described in paragraph (1) was committed while the person was on release pending trial for a Federal, State, or local offense; and (3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later." The statute also states that such a rebuttable presumption exists "if there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act...."

■ The initial concern is whether this statutory presumption is applicable in this case. It is clear that the presumption is applicable because the defendant's three charges now pending in Erie County are drug related or weapons charges related to drug activities. Each of these charges may well constitute a charge which, if brought under the applicable federal statute, would involve imprisonment of ten years or more. 18 U.S.C. § 3142(f)(1)(C).

■ Even more significantly, the defendant is now before this Court on the basis of an indictment returned by a federal grand jury. The indictment means the grand jury found probable cause to charge the defendant with both possession with intent to distribute cocaine, and possession of a weapon in relation to a drug trafficking charge. The existence of this indictment alone is sufficient to invoke the statutory presumption. *United States v. Contreras*, 776 F.2d 51 (2d Cir.1985).

■ The defendant may, however, rebut this presumption and present evidence that he is no danger to any individual or the community, and that there is no risk that he will flee from the court's jurisdiction.

As to the latter, much has been argued about the defendant's failure to appear one time at Buffalo City Court. Defense counsel has presented a number of reasons why he did not appear, and the attorney for the government has offered opposing scenarios. Regardless, it is apparent that the defendant has limited legitimate ties to this

community. He has never held a job and has no family in the area. While the sincerity of the friends who testified cannot be legitimately questioned, it was not shown to this court's satisfaction that these were people who knew or had reason to know all aspects of this defendant's life.

Even assuming that the defendant presented no risk of flight, there remains the question whether the defendant is a danger to the community. The defense has argued that the first indictment concerning weapons should be given limited weight, if any, because it has not been determined that the defendant was the one who actually held the weapon. It has also been argued that evidence in the charges pending against the defendant in both federal and state court may be suppressed and should not be considered.

The overwhelming evidence, however, is that on four separate occasions, various grand juries have found probable cause to indict the defendant on various charges all of which relate to drug trafficking or the use of weapons. This is certainly the type of criminal activity the detention statute is directed toward. *United States v. Contreras*, 776 F.2d 51 (2d Cir.1985).

Secondly, the evidence is significant to directly tie this defendant to drug activity and violent crime. Evaluating only the federal charges, the defendant acted suspiciously at the Buffalo airport, gave the agents who questioned him a false name and address, first stated he was coming from Chicago and then showed a ticket indicating he had come from Oakland, a known source city for narcotics. The search of the suitcase revealed both narcotics and a semi-automatic weapon. This alone, without considering the violent and drug related aspects of the state charges pending against the defendant constitutes significant evidence against the defendant.

The third factor the statute directs the court to consider concerns the history and characteristics of the person, including past criminal history and whether the defendant was on probation or parole or on other release pending trial at the time this offense was allegedly committed.

At the time this federal offense was allegedly committed by the defendant, he had been released on his own recognizance by the state court and had already allegedly committed the murder for which he has been indicted. These are clearly serious charges which cannot be given insignificant weight by this court.

The final factor to be considered is the danger the defendant would pose to any person or the community. While there is no evidence that the defendant would be a threat to any one individual, his continued violent behavior and drug related activities indicate that he is a danger to the community as that is contemplated by the statute.

### CONCLUSION

It is the conclusion of this court after hearing testimony and considering the submissions of counsel that the defendant poses a threat to the community as set forth in 18 U.S.C. § 3142 and should be detained pending trial. The magistrate's order of detention is affirmed and the defendant is ordered held without bail.

SO ORDERED.