**UNITED STATES of America, Plaintiff,**

v.

**Fabio Eliseo DELGADO–RODRIGUEZ, Defendant.**

**No. 93–CR–380.**

United States District Court,
N.D. New York.

Dec. 27, 1993.

**192**

U.S. Attys. Office, N.D.N.Y. (William C. Pericak, of counsel), Albany, NY, for plaintiff.

Leavitt, Kerson & Leffler (Paul E. Kerson, of counsel), Forest Hills, NY, for defendant.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

Defendant FABIO ELISEO DELGADO–RODRIGUEZ was detained by order of Magistrate Judge Smith after a pre-trial detention hearing held on December 2, 1993. Defendant now comes before the court by way of an Order to Show Cause seeking review of Judge Smith's detention order.

The defendant has been charged in the indictment with conspiracy to distribute and possess with intent to distribute cocaine (Count One in the Indictment), conspiracy to bribe a federal official (Count Eighteen in the Indictment) and bribery of a federal offi-

cial (Count Thirty in the Indictment). If convicted of the narcotics charge, the defendant faces a five year mandatory minimum and a forty year maximum term sentence of imprisonment.

When a defendant seeks review of a magistrate judge's detention order, the Second Circuit has declared that a district court should fully reconsider a magistrate's denial of bail, and in ruling on such a motion, the district court should not simply defer to the judgment of the magistrate judge, but reach its own independent conclusion. *U.S. v. Leon,* 766 F.2d 77, 80 (2d Cir.1985) (citing *United States v. Delker,* 757 F.2d 1390, 1394–95 (3d Cir.1985); *United States v. Williams,* 753 F.2d 329, 331 (4th Cir.1985)). Basically, review of the instant matter is *de novo* in nature. *Id.* With this standard in mind, we now turn to the merits of defendant's claim.

The defendant contends that Magistrate Judge Smith erred in his determination to detain defendant without reasonable bail. He supports his contention solely on the factual circumstances of the instant case. Defendant is an illegal alien from Colombia residing in Queens County, New York. He lives with and supports his common law wife, Luz Stella Gomez, and his 4 year old son, Johnny Delgado–Rodriguez, by working in a grocery store owned by his brother, Juan Rodriguez. Ms. Luz Stella Gomez is a permanent resident of the United States, and Mr. Juan Rodriguez is a citizen of the United States. Defendant contends that because his family is in Queens County, there is no risk that he may flee. Mr. Juan Rodriguez has offered as bail a two family home in Queens County owned by him with an equity value of $200,000.

The government, on the other hand, alleges that defendant is in fact a significant risk of flight. The government argues that defendant faces a five year minimum mandatory sentence for his alleged acts if convicted, and even if defendant is eventually acquitted of the said charges, the defendant faces deportation proceedings back to Colombia because of his illegal residence status. The government submits that given these circum-

stances, the defendant is a significant risk of flight.

18 U.S.C. § 3142(e) states in relevant part [s]ubject to rebuttal by the person, it shall be *presumed* that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more....

18 U.S.C. § 3142(e) (emphasis added). The Second Circuit has stated that "an indictment returned by a duly constituted and unbiased grand jury satisfies the Constitution as to the existence of probable cause that the defendant committed the crimes enumerated therein." *United States v. Contreras,* 776 F.2d 51, 54 (2d Cir.1985) (citing *Lawn v. United States,* 355 U.S. 339, 349, 78 S.Ct. 311, 317, 2 L.Ed.2d 321 (1958)). More recently, the Second Circuit has enunciated that when a district court makes its determination on whether defendant presents a risk of flight under section 3142, the court should look to the nature and circumstances of the offense charged, the weight of the evidence against the defendant and the history and characteristics of the defendant. *See United States v. Jackson,* 823 F.2d 4, 5–6 (2d Cir. 1987).

■ It is the determination of this court that defendant does indeed present a significant risk of flight. Defendant is charged with crimes involving narcotics and bribery of government officials. The narcotics crime carry a maximum sentence of forty years and minimum sentence of five years if convicted. This fact coupled with the failure on defendant's part to rebut the presumption arising under 18 U.S.C. § 3142(e) that "no condition or combination of conditions will reasonably assure the appearance of [defendant]," will dictate in detaining the defendant at this juncture of the proceedings. It must be reminded that defendant is an illegal alien who will be facing deportation charges irrespective of the outcome of the instant proceedings brought against him. The fact that defendant has family here is of no moment since the reality of deportation looms over defendant's future whether defendant has family in the United States or not. For these reasons, the court concludes that defendant is indeed a significant risk of flight, and thus, defendant is to be detained without bail.

### CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED,** that defendant's motion that defendant be released on reasonable bail be **denied.**