**UNITED STATES of America,**

v.

**Jose VAZQUEZ PEREZ, Defendant.**

**Cr. No. 97–132 (DRD).**

United States District Court,
D. Puerto Rico.

Oct. 27, 1997.

*ORDER*

DOMINGUEZ, District Judge.

Defendant José A. Vázquez Pérez has requested reconsideration of the Opinion and Order of 29 August 1997 wherein the Court refused to grant bail to the defendant (docket 164). The Court determined that the defendant had failed to rebut the presumption created by law in the instant offense alleging a violation of the Controlled Substances Act under 21 U.S.C. § 801 (1981) et seq.

Defendant objects to certain facts which are not in the transcript of the hearing. Defendant does not challenge the accuracy of the facts. The objected facts are contained in the Pretrial Services report.[1]

---

**1.** The objected facts are that defendant is separated from his wife, that the information to Pretrial Services was obtained from defendant's sister, fiancee, father, and mother. The identity of such persons was disclosed in the Pretrial report

of the defendant. The Court previously found correctly that defendant had three children (see p. 7 Opinion and Order). The Pretrial report is contradictory in that in one section the report

The objected facts are inconsequential for the reasons set forth later in this order. Defendant also objects that the Court may have misunderstood the nature of the testimony to be provided by certain character witnesses. The Court accepts that all character witnesses would have testified that "defendant would not pose any kind of danger" and that "he would appear" later in Court if granted bail.

The Court further grants that no record exists "of any [previous] violent or ... dangerous activity on the part of this defendant" and that "he has no prior criminal record.[2]

■ Defendant first challenges that the government produced no evidence whatsoever in the case. The short and only answer is that *both* sides proceeded without any objection thereto on a proffer basis in the instant case, wherein there is a presumption of detention and where the burden of persuasion is with the government. *United States v. Palmer–Contreras*, 835 F.2d 15(1st Cir.1987). The Court also notes that at the bail hearing before the Hon. Magistrate Judge both parties also proceeded mostly on proffer without any objection from either side.

■ The defendant further contends that the Court erred in not deferring to the recommendation of bail of Pretrial Services and of the Hon. Magistrate Judge. The Court differs because the mandate of a *de novo* hearing of a contested bail order contemplated under *United States v. Tortora,* 922 F.2d 880, 883 n. 4 (1st Cir.1990) signifies the matter is to be examined "anew" "as if it had not been heard before." Black's *Law Dictionary,* 5th ed.1979. If the Court is to see the matter "anew" the deference requested cannot be granted. Further, the District Court's opinion was couched on a matter of law. The Court simply was of the opinion that defendant had not rebutted the detention presumption under 18 U.S.C.A. § 3142(f)(1)(C).

■ The Court found that the presumption of detention was triggered by the indictment wherein the defendant was charged with possession with intent to distribute in excess of 500 kilograms of cocaine potentially sentencing defendant to life. The indictment charges codefendant Vazquez Pérez as the leader of five or more codefendants employees of Delta Airlines, who aided him in the conspiracy to transport multi-kilograms quantities of cocaine from Puerto Rico to United States using initially suitcases and later wooden crates.

The United States proffered that two cooperating codefendants would testify as they did in the Grand Jury that Vázquez Pérez was the intellectual designer of the operation at the airport masterminding a system that evaded airport security. Defendant used his expertise as a knowledgeable cargo employee of Delta Airlines to enable the exportation to the continent of hundreds of kilograms of cocaine through Delta Airlines from January 1995 to September 1995. The cooperating codefendants have plead guilty in another case before another Judge of this District.

The Court made the following analysis of the required criteria to determine bail:

The nature and circumstances of the offense charged are both grave and serious. Codefendant is charged with being the mastermind, supervisor, manager, and/or leader (Overt Act # 14) of a group of codefendants charged with a conspiracy to possess with intent to distribute multi-kilogram amounts of cocaine distributed through Delta Airlines. The object of the conspiracy being to transport multi-kilogram quantities of cocaine from Puerto Rico to the continental United States in order to obtain substantial monetary profits. The weight of the evidence against the Defendant consists of two cooperating codefendants who will testify as to codefendant Vazquez Perez' supervisory/managerial mastermind and leadership role in preparing fictitious airway bills and designing a system that circumvented the luggage and cargo registration systems at the airport and the security measures established by the airline. Defendant replie[d], stating first that there could exist a problem of wrongful identity of Defendant.

states that "defendant is being divorced" and in another concludes that he is divorced.

**2.** The Court had previously made said conclusion, Opinion and Order p. 7.

Although this may be the case, it is high[ly] improbable since the proffer made by the United States attorneys indicates that two cooperating codefendants who participated throughout the nine-month conspiracy are to testify on the criminal participation of the Defendant Vázquez Pérez. Defendant further states that he has an alibi for one of the major loads of cocaine intercepted by the United States on September 1995. However, Defendant's absence does not preclude a plan sufficiently perfected and well designed that Defendant's personal presence was not required in all cases. Further, the craned cocaine shipments charged in the indictment began in May 1995 and were continued until September 1995. (See Overt Acts § 13–20)

The history and characteristics of the Defendant produced some family ties. Although he is married and has three children, most of the information provided at the Pretrial Services Report was provided by a girlfriend, Ms. Leamores, and his sister Axenette Nieves Pérez. Pursuant to the report, the Defendant has been employed for eleven years at Delta Airlines and has lived at the same address for five months, having lived in Puerto Rico for the past eleven years. Defendant has no prior criminal record and no prior record of violence. These criteria standing alone favor the Defendant.

As to the nature and seriousness of the danger to any person of the community that could be posed by the person released, the Court must first conclude that 'danger" exists because "it is clear [that] the harm to society caused by narcotic trafficking is encompassed within Congress' definition of 'danger'." *United States v. Leon*, 766 F.2d 77, 81 (2d Cir.1985). Further, the Defendant presents a flight risk because he is charged with an offense wherein he faces a long imprisonment term (up to life) and he is a person with ample airport expertise allowing him to evade security measures. The law further imposes a presumption of flight risk in large drug trafficking cases. *United States v. Palmer–Contreras*, 835 F.2d 15, 17 (1st Cir.1987) ('drug traffickers pose special flight risks.") The likelihood

of flight increases in this particular case with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring. The evidence against the Defendant is strong; the crime is a serious drug offense, and Defendant is exposed to a life sentence. The criteria set forth under the law, 18 U.S.C.A. § 3142(g), analyzed as a whole, inescapably point toward detention.

The Court therefore concludes that pretrial detention is appropriate to "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Defendant is involved in the " 'highly lucrative' drug operations at the center of congressional concern," *United States v. Jessup*, 757 F.2d 378, 386 (1st Cir.1985), and "thus, is a person at whom the § 3142(e) presumption is aimed." *United States v. Palmer–Contreras*, 835 F.2d at 18.

Considering the original analysis made by the Court, the deference requested by codefendant Vázquez Pérez to the opinion by the Hon. Magistrate Judge and Pretrial Services cannot be provided since the nature of a de novo hearing requires that the matter be examined "anew" and hence no deference can be made. Further, the Court does not alter the conclusion of detention since even if all the character witnesses testify that the defendant does not pose a threat of risk of flight, the law concludes otherwise, "Drug traffickers pose special flight risk." *United States v. Palmer–Contreras*, 835 F.2d at 17. Further, as the Court previously indicated, "[T]he likelihood of flight increases in this particular case with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring. The evidence against the defendant is strong; the crime is a serious drug offense, and the defendant is exposed to a life sentence. The criteria set forth under the law, 18 U.S.C.A. § 3142(g), analyzed as a whole, inescapably point toward detention." (Opinion and Order, docket # 164, p. 6–8.)

Defendant is charged with a leadership role in a conspiracy charging possession with intent to distribute hundreds of kilos of co-

caine to continental United States. He is charged with designing and executing a plan involving hundreds of kilograms of cocaine evading the security measures in place at the airport. His expertise on airport matters adds to the risk of flight.

WHEREFORE, the detention order is **maintained;** the reconsideration is **DENIED.**

**IT IS SO ORDERED.**