**UNITED STATES of America,**
**Appellee,**

v.

**Joseph MINNICI, a/k/a "Poetdom4u,"**
**Defendant–Appellant.**

**No. 05–0230.**

United States Court of Appeals,
Second Circuit.

April 26, 2005.

Robert S. Mirin, Law Offices of Robert S. Mirin, Harrrisburg, PA, for the Appellant.

Maria E. Douvas, Assistant United States Attorney, Southern District of New

York, New York, N.Y. (David N. Kelley, United States Attorney, Southern District of New York), for Respondent–Appellee.

Present: OAKES, LEVAL, and STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is AFFIRMED.

## BACKGROUND

Defendant–Appellant Joseph Minnici, a/k/a "Poetdom4u," appeals pursuant to Fed. R.App. P. 9(a) and 18 U.S.C. § 3145(c) from an order entered on December 8, 2004 by the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*), revoking bail and ordering pretrial detention. The defendant was arrested on one count of using means of interstate commerce (the Internet) to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b), and one count of traveling interstate with the intent to engage in sexual conduct with a juvenile in violation of 18 U.S.C. § 2423(b). On August 31, 2004, at the initial bail hearing following the defendant's arrest, Magistrate Judge Andrew J. Peck, over the government's objection, ordered pretrial release subject to certain conditions, including a $150,000 personal recognizance bond, home arrest with electronic monitoring, restrictions on the defendant's travel and contact with minors, and termination of his access to the internet.

On November 5, 2004, after the defendant had been indicted on the above-named counts and the case was assigned to District Court, the defendant moved to modify the conditions of his release to allow him to conduct business outside his home. The government opposed the motion, and it further sought to revoke the defendant's release by appealing the release order of the Magistrate Judge pursuant to 18 U.S.C. § 3145(a)(1)[1] and by introducing new information not known during the initial bail hearing pursuant to 18 U.S.C. § 3142(f).

On November 29, 2004 and December 8, 2004, the District Court held hearings on the motions during which the court heard from numerous witnesses as well as a representative from Pretrial Services. At the conclusion of the hearings, the District Court found that the government showed by clear and convincing evidence that the defendant poses a danger to the community and that no condition or combination of conditions will assure the safety of the community if he is not detained pending trial. On appeal, the defendant contends that the District Court's determination was clearly erroneous based on the record as a whole.

## ANALYSIS

Title 18, section 3142(e) of the United States Code, requires that a defendant be detained pending trial if "no condition or combination of conditions of release will reasonably assure the appearance of the person as required or the safety of any other person and the community." The government bears the ultimate burden of showing by clear and convincing evidence that the defendant presents a danger to the community. *See United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir.2001).

---

1. A district court reviews *de novo* a magistrate judge's order of pretrial release or detention. *See United States v. Leon,* 766 F.2d 77, 80 (2d Cir.1985); *United States v. Sierra,* No. 99 Cr. 962, 1999 WL 1206703, at *1 (S.D.N.Y. Dec. 16, 1999).

But where a defendant, such as in this case, is charged with a crime involving a minor victim under 18 U.S.C. §§ 2422 or 2423, "it shall be presumed," subject to rebuttal, "that no condition or combination of conditions will reasonably assure ... the safety of the community." 18 U.S.C. § 3142(e). We review a district court's determination of whether a package of bail conditions will prevent danger to the community for clear error. *United States v. LaFontaine*, 210 F.3d 125, 130 (2d Cir. 2000) (citing *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir.1995)). However, the clearly erroneous standard does not apply to a district court's ultimate finding if it was impaired by an error of law. *See United States v. Shakur*, 817 F.2d 189, 196–97 (2d Cir.), *cert. denied*, 484 U.S. 840, 108 S.Ct. 128, 98 L.Ed.2d 85 (1987). After a thorough review of the defendant's arguments on appeal, we hold that the District Court's factual findings were not clearly erroneous and that the court acted properly as a matter of law.

In deciding to revoke the defendant's release, the District Court found, first, that he poses a serious danger to the community. Having considered the defendant's alleged telephone conversations, instant messaging transcripts, possession of graphic photographs, and a 170–mile drive to engage in sexual activities with a thirteen-year-old minor, the court foreclosed any suggestion that its decision was not based on sound factual findings. The District Court also heard evidence against the defendant to which the Magistrate Judge was not privy in making the initial bail decision. In particular, the government found that prior to his arrest, the defendant also engaged in sexually explicit instant message conversations with an individual who he thought was a fourteen-year-old girl from Ohio, and in those conversations the defendant expressed a desire to travel to Ohio to meet her.[2] Moreover, after a further review of the transcripts of communications with the supposed thirteen-year-old girl, the government found passages where the defendant referred to the junior-high-school girls he coached in sexual terms. The government also informed the District Court that it found on the defendant's computer a picture of a two-year-old girl watching a grown-man masturbate and that the defendant told the supposed thirteen-year-old girl that the two-year-old in the picture is his niece. Overall, the evidence alleged in the indictment, combined with the additional evidence presented to the District Court, provided an ample basis for concluding that the activity for which the defendant was indicted was not isolated in nature and that he poses a danger to the community.

Having found that the defendant posed a danger to the community, the District Court addressed whether any condition or combination of conditions would reasonably assure the safety of the community. Such a determination must take into account "[t]he nature and circumstances of the offense charged, ... the weight of evidence against the person[, and] ... the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). The District Court's considerations fit comfortably within these criteria. The District Court noted that there was "overwhelming" evidence against the defendant and observed that the alleged activities are of an addictive sexual nature that cannot be suppressed simply by a restrictive set of bail conditions. Moreover, the District Court found that the defendant's alleged activities could be undertaken within the confines of his

---

**2.** The person who the defendant allegedly thought was a fourteen-year-old girl from Ohio was an undercover police officer from Ohio.

home or in other locations where the defendant may gain access to the Internet, and that pretrial services lacks the capacity to engage in constant and comprehensive surveillance of the defendant in and outside his home. The District Court thus determined that effective monitoring of the defendant would be practically impossible, and this finding was not clearly erroneous.

The defendant on appeal does not point to any specific factual determination that was allegedly erroneous and instead argues that the District Court failed to give sufficient weight to, among other things, the testimony of a psychiatrist called by the defendant to discuss whether the defendant remained a danger to the community. An argument that the District Court improperly weighed the evidence is essentially foreclosed by the standard of review, and, in any event, the District Court cited valid reasons for discounting the testimony of the defendant's expert witness. The court noted that the doctor did not specialize in sexual disorders and would not provide a firm diagnosis as to whether the defendant would be a danger in the future. Furthermore, the doctor largely based his testimony on information provided by the defendant during a relatively brief amount of counseling.

For the foregoing reasons, we conclude that the District Court's order of pretrial detention was not based upon clearly erroneous factual findings and that the court properly applied its findings to determine that no set of bail conditions could reasonably assure the safety of the community. We have considered the other arguments put forth by the defendant-appellant and find that they are without merit. The order of the District Court is hereby AFFIRMED.