**UNITED STATES of America,**
**Plaintiff,**

v.

**Caonabo VALDEZ, et al., Defendants.**

**No. 05 CR. 1327(VM).**

United States District Court,
S.D. New York.

April 7, 2006.

Harry Sandick, U.S. Attys., Office, S.D.N.Y., New York, NY, for Plaintiff.

James Michael Roth, Hurwitz Stampur & Roth, New York, NY, Telesforo Del Valle, Jr., Del Valle & Associates, New York, NY, Eric Mark Sears, New York, NY, Patrick Joyce, Law Offices of Patrick Joyce, West Orange, NJ, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

The Government appeals the bail order for defendant Caonabo Valdez ("Valdez") issued by Magistrate Judge James Francis on February 28, 2006 and modified by Magistrate Judge Frank Maas on March 29, 2006. For the reasons set forth below, the Government's appeal is granted in part and denied in part.

### I. BACKGROUND

On February 15, 2006, Valdez was arrested based on a two-count indictment charging him with participation in a conspiracy to commit armed robbery, in violation of 18 U.S.C. § 1951, and using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

Following a detention hearing on February 28, 2006, Magistrate Judge Francis set the following conditions for Valdez's release: a $250,000 personal recognizance bond, to be signed by eight financially responsible cosigners and secured by $5,000 in cash; travel restricted to the

Southern and Eastern Districts of New York; the surrender of any travel documents and a prohibition on applying for new travel documents; and strict pretrial supervision, including daily in-person reporting to Pretrial Services. Magistrate Judge Francis ordered that Valdez be detained until all conditions of his release were satisfied.

On March 29, 2006, Valdez sought to modify the conditions of his release, and his application was heard by Magistrate Judge Maas. Following the hearing, Magistrate Judge Maas modified the conditions to allow Valdez two alternative ways to satisfy the bond requirements. Valdez could (1) secure the bond with the four, rather than eight, financially responsible co-signers who had already been approved, as long as his mother and sister co-signed the bond and the security he posted be $25,000 rather than $5,000; or (2) secure the bond with six, rather than eight, financially responsible co-signers, as long as his mother and sister co-signed the bond and the security posted be $15,000 rather than $5,000.

On March 31, 2006, Valdez satisfied the bail conditions as modified by Magistrate Judge Maas by posting $25,000 in security and surrendering his passport to the Government. By letter dated March 31, 2006, the Government alerted this Court of its intent to appeal the bail order. This Court scheduled a hearing on April 3, 2006 to address the bail status of Valdez and stayed his release until the hearing. Prior to the hearing, the Government sent a letter to the Court setting forth its position and appealing the bail order. The Government indicated that its appeal was based in part on newly learned information from a confidential informant who indicated that upon release Valdez intended to alert one of the fugitive defendants about the pendency of the indictment so that the fugitive

could evade arrest. At the hearing the Court heard from both parties, directed the Government to supply additional information concerning the information it had obtained from the confidential informant, and reserved decision on the appeal. On April 4, 2006 the Court received an *ex parte* submission from the Government with additional information regarding the confidential informant. On April 5, 2006 Valdez also submitted an *ex parte* letter expressing his views regarding the information the Government described having obtained from the confidential informant. Finally, the Court also received a letter from Valdez, dated April 4, 2006, stating that he had transmitted to the Government documentation verifying the source of the $25,000 cash posted to secure the bond.

## II. DISCUSSION

■ A district court undertakes a de novo review of a magistrate judge's decision to release or detain a defendant. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir.1985); *United States v. Gotti,* 358 F.Supp.2d 280, 283 (S.D.N.Y.2005); *United States v. Smith,* No. 02 Cr. 1399, 2002 WL 31521159, at *1 (S.D.N.Y. Nov.13, 2002).

■ The Court has considered the Government's appeal of this decision and the arguments made by counsel at the April 3, 2006 hearing on the matter and finds that Valdez's bail conditions should be modified to restore the condition that eight financially responsible persons co-sign the bond, and that the bond should be secured by the $25,000 already posted.

For the Court to order detention, it must conclude that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Moreover, a finding that "no condition or combi-

nation of conditions will reasonably assure the safety of any other person and the community" must be established by "clear and convincing evidence." 18 U.S.C. § 3142(f).

▮ Valdez is charged with using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Under 18 U.S.C. § 3142(e), this offense creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," and that, therefore, Valdez should be detained during the pendency of his case.

The factors to be considered in determining "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community" are laid out in 18 U.S.C. § 3142(g). Considering these factors, the Court finds that the condition set forth by Magistrate Judge Francis requiring eight financially responsible co-signers, supplemented by a requirement of the $25,000 security already posted, is warranted.

First, the Court must consider the "nature and circumstances of the offense, including whether the offense is a crime of violence ... or involves a narcotic drug." 18 U.S.C. § 3142(g)(1). Here, Valdez is charged with brandishing a firearm in order to carry out a robbery conspiracy involving theft of drugs and drug proceeds. Thus, this factor weighs in favor of detention.

Second, the Court must consider the weight of the evidence against Valdez. 18 U.S.C. § 3412(g)(2). The Government has stated that two cooperating witnesses have independently identified Valdez as one of the gunmen in the robbery, and that the

victim of the offense made a statement to police officers shortly after the robbery corroborating the description of the robbery provided by the cooperating witnesses. However, this victim did not truthfully admit the precise amount stolen from him. Moreover, Valdez points out that no forensic evidence exists to support the Government's charges.

Third, the Court must consider Valdez's "history and characteristics." 18 U.S.C. § 3142(g)(3). Valdez has strong ties to the Dominican Republic, as his parents and sister live there, his uncle is a successful political leader there, and Valdez is not married and has no children in the United States. However, Valdez's mother, a lawful permanent resident, has come to the United States and, according to defense counsel, has promised to remain here for the pendency of the case. Valdez also has two aunts, an uncle, and several cousins in New York (see Tr. at 11–12.) Moreover, Valdez is a naturalized citizen who has lived in the United States for approximately 32 years, served in the military, and has currently employment as a livery cab driver.

The Government argues that although Valdez gave two addresses, one is that of his wife, from whom he is separated and who has not seen Valdez in two months; while the other address is that of his girlfriend, according to the Government and as Valdez conceded, Valdez often sleeps in his car. However, Valdez indicated that he works extremely long hours as a livery cab driver, often seven days a week, and that is the reason why he sometimes sleeps in his car.

Finally, the Court must consider the nature and seriousness of the danger to any person or the community that would be posed by Valdez's release. 18 U.S.C. § 3142(g)(4). Other than pointing to the

crime charged, the Government has presented no evidence of danger.

Overall, the Court finds that Valdez does have some ties to the United States, but that, without additional security, they seem to be outweighed by his ties to the Dominican Republic. However, the Court does not find that *no* combination of conditions would reasonably assure Valdez's appearance as required and the safety of others and the community. Although 18 U.S.C. § 3142(e) presumes that no combination of conditions exists, the presumption is overcome by the lack of demonstrated danger, the lack of a criminal record, and the existence of ties to the community. Additional co-signers would assuage the Court's concerns over the potential flight risk. The four co-signers currently approved by the Government do not suffice, particularly since three of the four did not know where Valdez lived, one reported an income of only $29,000, and another, while earning approximately $50,000 in annual income owes approximately $23,000 in loans. Eight co-signers approved by the Government should reasonably assure Valdez's appearance as required. Although the Government now requests that the initial condition of eight financially responsible co-signers be removed, it did not immediately appeal that ruling but did so only after Valdez sought to modify the condition to have only four co-signers.

In addition, the Court finds that due to the minimal qualifications of the already-approved co-signers, the $25,000 already posted, rather than the $5,000 originally ordered by Magistrate Judge Francis, is "reasonably necessary to assure the appearance" of Valdez. 18 U.S.C. § 3142(c)(B)(xii). Although the Government requested a *Nebbia* hearing to determine the source of the $25,000, the de-

fendant represented at the April 3, 2006 hearing that $5,000 came from his sister's savings, $7,000 came from another sister's savings, $5,000 came from a close friend of his mother, and $8,000 came from his uncle; that representation was followed up by a letter to the court on April 4, 2006 indicating that defense had provided supporting documentation as to the source of these funds to the Government.

While the Court has some concerns about flight risk, these conditions, combined with the other conditions originally set by Magistrate Judge Francis—including surrender of travel documents, a prohibition on applying for new travel documents, and strict pre-trial supervision including daily in-person reporting to Pre–Trial Services—should reasonably assure Valdez's appearance as required.

Although the parties contest the reliability of the Government's newly proffered information concerning a confidential informant, the Court has chosen not to delve into the merits of this dispute, as it finds sufficient basis in the public record as it exists, as set forth above, to support modification of the bail conditions, and that any information in the Government's additional submission does not alter the outcome.

Accordingly, it is hereby

**ORDERED** that the February 23, 2006 bail package signed by Magistrate Judge James Francis, as modified on March 29, 2006 by Magistrate Judge Frank Maas, is further MODIFIED so that defendant Caonabo Valdez is required to post a $250,000 personal recognizance bond, to be signed by eight financially responsible co-signers and secured by the $25,000 in cash already posted; all other previously ordered conditions by Magistrate Judge Francis shall remain in effect; and defen-

dant Caonabo Valdez shall be detained until all conditions of bail have been satisfied.

**SO ORDERED.**